IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAMOND J. JONES,<br><br>    Petitioner,<br><br>v.<br><br>X. CANO, Warden,<br><br>    Respondent. | Case No. CV 16-3417 JVS (MRW)<br><br>**ORDER DISMISSING SUCCESSIVE HABEAS ACTION** |

The Court dismisses this action pursuant to the successive habeas petition rule under 28 U.S.C. § 2244.

\* \* \*

Petitioner is currently serving a term of 31 years to life in state prison based on his 2005 convictions for receiving stolen property and conspiracy to commit robbery.

This is Petitioner's second habeas action in federal court challenging those convictions. In the first action, this Court denied habeas relief on six grounds arising from his original conviction. (Jones v. Harrington, CV 09-7276 JVS (OP) (C.D. Cal.).) Petitioner did not seek appellate review of that decision.

In his current habeas action, Petitioner appears to raise the same claims as in his previous federal case. Attached to the federal form petition are the state appellate decision from his direct appeal, the supreme court petition for review, and the federal petition that he filed in 2009. Petitioner made a slight modification to his old state petition to include a citation to a 2015 state court decision regarding a state sentencing enhancement. (Docket # 1 at 88.) However, Petitioner asserts no new federal constitutional claim in his petition. Notably, the petition and its attachments do not raise any cognizable constitutional challenge to Petitioner's sentence. (Docket # 1 at 5-6, 34-35.)

The current petition was not accompanied by a certificate from the Ninth Circuit authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b). Magistrate Judge Wilner screened Petitioner's action and directed Petitioner to file a statement explaining why the action was properly filed under the successive petition rule. (Docket # 3.) Petitioner failed to file a timely response. Instead, he submitted a cursory request to stay the federal action based on the pendency of a habeas proceeding in the state courts. (Docket # 7.)

Judge Wilner issued another order requiring Petitioner to show cause why the action should not be dismissed as successive and for failing to respond to the Court's original order. (Docket # 8.) Petitioner submitted a brief memorandum in which he claimed that his state appellate lawyer failed to properly address issues regarding his sentence. (Docket # 9 at 1-2.) However, Petitioner failed to address the question of the successive nature of his current habeas action.

\* \* \*

Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. A habeas petition is second or successive – and subject to dismissal under 28 U.S.C. § 2244(b) – when the petition "raises claims that were or could have been

2

adjudicated on the merits" in the first action. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals).

The current petition alleges the same constitutional claims that Petitioner presented to this Court in 2009. The Court denied habeas relief in that action. Petitioner offers no legitimate basis for the Court to revisit that decision. Additionally, Petitioner failed to obtain permission from the federal appellate court to bring the present habeas action. As a result, the current petition is subject to dismissal as successive. See 28 U.S.C. § 2244(b); Burton, 549 U.S. 147; McNabb, 576 F.3d at 1029.

To the extent that Petitioner wishes to assert a claim that he did not pursue in his original habeas action (challenge to sentence imposed), he failed to plead that claim in his new petition. He also faces a considerable hurdle under the federal one-year limitations period – which likely expired long ago – to assert such a new challenge. U.S.C. § 2244(d). Moreover, Petitioner offers no legitimate reason, evidence, or analysis to support his contention that this Court should stay the action (Docket # 7) based on ongoing state proceedings. Rhines v. Weber, 544 U.S. 269 (2005).

\* \* \*

1  The current action is successive and subject to dismissal. The Court
2  concludes that the matter must be DISMISSED without prejudice. The request for
3  a stay of the action is DENIED.
4  IT IS SO ORDERED.

6  Dated: August 08, 2016            _____
7                                    HON. JAMES V. SELNA
                                     UNITED STATES DISTRICT JUDGE

9  Presented by:

11 _____
12 HON. MICHAEL R. WILNER
13 UNITED STATES MAGISTRATE JUDGE